IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LORINDA GRAUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-0824-CV-W-REL |
| | ) |
| EXCELSIOR SPRINGS SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM TO THE FILE

On January 9, 2012, plaintiff spoke with my law clerk, Carol Wilson, by telephone. Because of the numerous ex parte conversations between plaintiff and my staff, I am writing this memorandum to the file to document the fact that these ex parte communications have taken place. Plaintiff's first three motions in the case were oral motions for additional time to serve the defendant. Since that time, plaintiff has been told repeatedly by my law clerk and my courtroom deputy, Sue Anderson-Porter, that my staff may not provide legal advice to a party. Plaintiff has asked my staff what she should put in documents, she has asked for assurances that her filings would be considered "on time," she has asked whether doing things a certain way would solve whatever issue she was faced with, etc. My staff has explained to her numerous times that I have directed them not to provide her with legal advice; however, she continues to call my office with more questions about how to proceed in her case.

The telephone conversation this afternoon dealt with plaintiff's amended complaint which was stricken on November 17, 2011, in an order that also granted plaintiff's request to file an amended complaint. That order (document number 25) directed plaintiff to file her amended complaint "forthwith." Plaintiff asked my law clerk today, nearly two months later, questions about filing that amended complaint. She asked whether she should file it now, she tried to argue the merits of my order striking her untimely jury demand, she tried to argue the merits of whether her amended complaint actually included a new count. Plaintiff claimed that she did not know what "forthwith" meant. She asked my law clerk whether she could appeal my ruling

denying her untimely request for a jury. Plaintiff complained about the trial setting, indicating that it is not the date to which she and the defense attorney agreed. Plaintiff was told that the parties do not get to set the deadlines, they can only propose them. Plaintiff asked what she should do if she has a conflict with the trial setting. She also claimed that she never got a copy of the scheduling order and had to have someone send her one (yet, there is nothing in the record indicating that anyone from the court sent plaintiff another copy of the scheduling order).

My law clerk told plaintiff that much of what has happened in this case is not in the record because she continues to make telephone calls to my staff. She was told that there is no way for me to see what has happened in the case and there is no way for a Court of Appeals to know what has happened in the case if she continues to try to conduct business over the phone in ex parte conversations.

My staff has been directed again today not to discuss the merits of this case with plaintiff, not to discuss with plaintiff whether her actions or documents will be sufficient or deficient in any way, not to discuss with plaintiff what she should or should not do or what she can or cannot do. Plaintiff has elected to file this lawsuit pro se; and while this may not have been her first choice, it is still a choice she made. She has been directed to stop asking my staff for legal advice, and she has been told that if she needs to discuss the case for any reason a teleconference with the court and opposing counsel will be held, it will be recorded, and a minute sheet will be filed.

A copy of this Memorandum has been provided to plaintiff and to defense counsel.

                                                  /s/ Robert E. Larsen
                                                  ROBERT E. LARSEN
                                                  United States Magistrate Judge

Kansas City, Missouri
January 9 , 2012

2

Case 4:10-cv-00824-REL   Document 26   Filed 01/10/12   Page 2 of 2